GEORGE E. SENEAR et al., Respondents, *v.* CYRUS F. WOODS et al., Appellants.

(Argued September 23, 1878 ; decided October 1, 1878.)

THIS action was brought by plaintiffs, as assignees of Howell & Thompson, to recover a balance alleged to be due upon a contract made between said Howell & Thompson and defendants, by which the former contracted to clear and grade certain sections of the Rochester and State Line Railroad, which defendants had contracted with the railroad company to build. The contract contained this clause :

" Fifteenth. The party of the second part reserves the right to require the party of the first part to make up the balances due to the laborers on or before the tenth day of each month for the work done by them in the preceding month, placing the name of each laborer and the amount due him in ink on an envelope, and place said envelope in the hands of the party of the second part, when said party of the second part will pay said laborers the amount due them and deduct the money so paid out from the current monthly estimates of the party of the first part."

The said Howell & Thompson executed an assignment to plaintiffs of " all moneys which is now due us, or may hereafter become due us, on account of work already performed, or which may hereafter be performed on said railroad." Defendants had notice of this assignment. Howell & Thompson were to proceed with the work in the usual way, and to pay laborers their wages out of moneys earned.

Defendants set up a counter-claim, and offered to show on the trial that certain amounts were due to laborers employed by Howell & Thompson; this was excluded. *Held*, no error; as there was nothing in the contract making defendants liable for the wages.

Defendants also offered to prove actual payments made by them to the laborers. There was no evidence that they had required Howell & Thompson to deliver envelopes as specified in the contract. *Held*, that the payments, if made, would be regarded as voluntary, and the offer was properly excluded.

Another offer was made in the following terms : " The defendants then offered to prove that this witness, at the request of Howell & Thompson, boarded the laborers employed by them in the construction of this part of the said railway to a considerable amount, and that it was the custom and requirement of said Howell & Thompson to withhold a portion of the wages of said laborers, being the amount of their board bills, and to cause the defendants to pay the amount deducted directly to this witness, and that their board bills were paid in July, 1873, to this witness as a part of said wages." This was also rejected. *Held*, error ; that the offer was in substance to prove payment of board bills as an advance on wages at the request of Howell & Thompson, which, if proved, would have entitled defendants to an allowance therefor ; and that notice of the assignment did not preclude defendants from interposing it as a set-off, as the assignment was evidently designed to cover the balance after payment of wages, etc.

*E. D. Northrup* for appellant.

*Ansley & Vreeland* for respondents.

CHURCH, Ch. J., reads for reversal and new trial.
All concur, except MILLER and EARL, JJ., absent.
Judgment reversed.